# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE STEWART, | ) | CASE NO. 5:18cv2686 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| ERIC MIDOCK, *et al*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

*Pro se* plaintiff Maurice Stewart ("Stewart") filed this civil rights action against United States Deputy Marshal Eric Midock, Federal Bureau of Investigation ("FBI") Agent Mike Volpe, the City of Canton, the Perry Police Department, the Stark County Sheriff's Department, the Canton Police Department, Canton Mayor Thomas M. Bernaboi (sic) and twelve individual members of the Stark County Fugitive Task Force. In the complaint, Stewart alleges he was arrested on drug charges by federal and state officers who were executing a fugitive warrant on another individual located at the residence in which Stewart was found. He asserts the defendants conspired to and violated his Fourth and Fourteenth Amendment rights. He seeks monetary damages.

I.   **Background**

In his complaint, Stewart alleges that, on November 16, 2016, United States Deputy Marshal Midock received a call from United States Deputy Marshal Derek Patrick in the Northern District of West Virginia requesting assistance in locating and apprehending William Moore, a fugitive from that district wanted in connection with narcotic and drug offenses. Moore has a criminal history of murder, drugs, and burglary, so the Marshals were eager to apprehend him as

quickly as possible. Patrick indicated they had information suggesting Moore was staying with Markinna Conley at 1139 Dartmouth Ave. SW, Canton, Ohio. (Doc. No. 1, Complaint ["Compl."] ¶¶ 24–25.)

Officers drove by the residence at this address on the morning of November 17, 2016. They noticed two rental cars outside the home, which they indicated raised a red flag as drug dealers are known to drive rental cars. At approximately 7:40 a.m., a young male exited the home and drove off in one of the rental cars. Midock indicated the male was not Moore. Nevertheless, officers performed a traffic stop of the vehicle and questioned the driver, who revealed he was 19-year-old Willie Richardson-Fields from Detroit Michigan. When questioned about Moore, Fields refused to answer. (*Id.* ¶¶ 27–29.)

While Fields was detained, officers decided to conduct a "knock and talk" with the occupants of the residence. They established a perimeter around the home while Midock knocked on the door and announced their presence. Stewart indicates he was an overnight guest at the residence occupied by Conley, as was Moore. He states that Conley questioned why the police were at her door and Moore revealed he had an outstanding warrant for his arrest in West Virginia. As the others were getting dressed, Conley opened the front door. Officers asked if Moore was present in the house. Before she could answer, Moore appeared. Midock arrested him. Stewart indicates he heard Moore state, "You got me, you can go ahead and leave now." (*Id.* ¶¶ 32–36, 37.)

Midock continued to question Conley, inquiring if anyone else was in the house. Stewart came down the stairs and three officers came into the home, placed him in handcuffs, and brought him outside to the porch. (*Id.* ¶¶ 38–39.) Stewart indicates that Midock and three officers entered the home without consent and cleared the dining room, living room, and the landing by the stairs.

He alleges Midock told Conley she needed to consent for them to clear the remainder of the house, or she would also be handcuffed while they waited for a warrant. (*Id.* ¶ 41.) Stewart contends he heard Conley shout, "No, you can't search, your [sic] not about to tear up my house[.]" (*Id.* ¶ 43.) Stewart states Conley refused several more times to consent to a search, although Midock would claim they received consent to do a protective sweep of the house. (*Id.* ¶¶ 44–45.)

During this sweep, officers located a firearm in a closet and a powdery substance in a book bag in the dining room. (*Id.* ¶ 45.) Stewart was released after the weapons were secured, but was later arrested and charged in this Federal Court with possession with intent to distribute methamphetamine, possession with intent to distribute cocaine, possession with intent to distribute cocaine base, possession of a firearm in furtherance of drug trafficking, and being a felon in possession of a firearm. (*Id.* ¶¶ 46, 47; *see also United States v. Stewart*, No. 5:17-cr-00011 (N.D. Ohio indictment filed Jan. 5, 2017) (Nugent, J.).)

As reflected by the docket of the criminal case, Stewart, through counsel, filed a motion to suppress the evidence obtained from the search of the residence at 1139 Dartmouth Ave SW. The court conducted a hearing and denied the motion. On December 7, 2018, a jury found Stewart guilty of the charges. The court has set sentencing for March 21, 2019.

Stewart has now filed this civil rights action to contest the validity of the search and his arrest. He claims the defendants conspired to violate, and did violate, his Fourth and Fourteenth Amendment rights.

## II. Standard of Review

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the

plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III. Analysis

As an initial matter, of the nineteen defendants named in the complaint, Stewart includes substantive factual allegations against only one of them, Eric Midock. He briefly mentions Mike Volpe but states only that Volpe filed criminal charges against him. No other allegations pertain to Volpe. The remaining defendants are not mentioned at all in the body of the complaint. Stewart

cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Stewart's complaint gives no indication that any of the defendants, except Midock, was personally involved in the actions giving rise to the complaint.

Stewart attempts to establish involvement of the City of Canton, the Perry Police Department, the Stark County Sheriff's Department, the Canton Police Department, and the Canton Mayor by stating they allowed their officers to participate in the Task Force. He does not provide facts suggesting how any of the named officers violated his constitutional rights. Therefore, Stewart cannot prevail against the officers' employers with a claim that the employer is responsible for the employees' violations. Even if he had alleged specific conduct by the named officers, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can, therefore, be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690; *see also DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). Stewart has not identified a policy or custom of the City of Canton, Stark County, or the Township of Perry that resulted in a violation of his constitutional rights.

Finally, Stewart cannot proceed with his claims against any of the defendants in a civil rights action. Stewart is challenging the constitutionality of the search that led to his arrest, prosecution, and conviction. [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id*. at 487. Therefore, "when a state prisoner seeks damages in a [civil rights] suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* If, however, the Court "determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.*

Here, Stewart is clearly attempting to collaterally attack the criminal charges on which he was convicted. If this Court were to grant judgment in his favor in this case, it would call into question the validity of his conviction. This Court cannot consider these claims unless plaintiff's conviction is overturned.

**IV. Conclusion**

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915A. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: February 13, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**